IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 1:16-cv-00428-DLH-CSM<br>) |
| v. | ) **AMENDED COMPLAINT**<br>) |
| ROCKY MOUNTAIN CASING CREWS, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (male). As described more fully below, Michael Allyn, an employee of defendant Rocky Mountain Casing Crews, was subjected to a sexually hostile work environment. Allyn was harassed by co-workers and his supervisor because he did not conform to their stereotypes about masculinity, and because of his sexual orientation. RMCC violated Title VII by subjecting Allyn to this hostile work environment.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of North Dakota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant Rocky Mountain Casing Crews, Inc., ("RMCC") has continuously been registered as a Wyoming domestic business, doing business in the State of North Dakota and the City of Williston, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant RMCC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.	More than thirty (30) days prior to the institution of this lawsuit Allyn filed a charge with the Commission alleging violations of Title VII by Defendant RMCC.

7.	On April 11, 2016, the Commission issued to Defendant RMCC a Letter of Determination finding reasonable cause to believe that the Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.	The Commission engaged in communications with Defendant RMCC to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.	The Commission was unable to secure from Defendant RMCC a conciliation agreement acceptable to the Commission.

10.	On May 11, 2016, the Commission issued to Defendant RMCC a Notice of Failure of Conciliation.

11.	All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF FACTUAL ALLEGATIONS**

12.     From at least January 2011 to the present, RMCC has maintained a facility and employees in Williston, ND.

13.     Allyn worked as a driver for RMCC at its Williston facility from January 2011 to April 2015.

14.     Allyn is sexually attracted to men.

15.     During all or part of the period of Allyn's employment at the RMCC's Williston facility, RMCC's dispatcher and Allyn's direct supervisor was James Hebert.

16.     During all or part of the period of Allyn's employment at the RMCC's Williston facility, RMCC's Operations Manager at that facility was Marlan Simon.

17.     As Operations Manager, Simon was the senior most manager on-site at the RMCC Williston facility.

18.     Starting about one year after Allyn began working at RMCC in Williston, ND, through the time of his employment ending at RMCC in April 2015, Allyn was subjected to a barrage of harassing conduct from his male co-workers and supervisor Hebert.

19.     Among other things during this period, Allyn's male co-workers called him offensive and homophobic slurs; they defaced company vehicles with sex-based remarks about him; they painted a truck Allyn was known to use with pink polka dots, hearts, and rainbows; and they left him pornographic magazines with titles like "Chicks With Dicks."

20. Among other things during this period, one of Allyn's male co-workers attempted to sexually assault him.

21. Among other things during this period, Hebert directed offensive jokes about gays to or around Allyn, made Allyn the butt of derogatory sex-based comments, gave him children's toys and board games, and gave him a hat with a Spanish slang word for homosexual on it.

22. Simon witnessed offensive sex-based conduct directed at Allyn but did not stop it.

23. Allyn found the conduct of Hebert and his co-workers offensive.

24. Allyn objected to and complained about the conduct to his co-workers, and to managers Hebert and Simon.

25. RMCC did not take prompt corrective action to rectify the hostile work environment.

26. Allyn left the employment of RMCC in April 2015.

27. The offensive conduct continued until he left.

**CLAIM OF SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

28. From at least 2012 through April 2015, Defendant RMCC engaged in unlawful employment practices in and around its Williston, ND, facility, in violation of Section 703(a)(l) of Title VII, 42 U.S.C. § 2000e-2(a)(l).

29. Defendant engaged in sex discrimination against Allyn by subjecting him to a continuing course of unwelcome and offensive harassment because of his sex (male). The harassment against Allyn was based upon sex (male) because:

    a. RMCC's employees engaged in the harassing conduct towards Allyn because of their stereotypes and norms about masculinity and maleness. Because Allyn did not fulfill their stereotypes and norms for males, they subjected him to unwelcome and offensive harassment based on his sex (male).

    b. RMCC's employees engaged in the harassing conduct towards Allyn because of his sexual orientation. Sexual orientation discrimination necessarily entails treating an employee less favorably because of the sex of those with whom he forms relationships. Because RMCC's employees engaged in harassing conduct because of Allyn's sexual orientation, they subjected him to unwelcome and offensive harassment based on his sex (male).

30. The harassment against Allyn was of sufficient severity and/or pervasiveness to create a hostile work environment because of his sex (male).

31. The effect of the practices complained of above has been to deprive Allyn of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

32. The unlawful employment practices complained of above were intentional.

33. The unlawful employment practices complained of above were done with malice or with reckless indifference to Allyn's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex-based harassing conduct and other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities based on sex, and which ensure that its operations are free from the existence of a sexually hostile work environment.

C. Order Defendant to make Allyn whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

D. Order Defendant RMCC to pay Allyn punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact so triable raised by its complaint.

            James L. Lee
            Deputy General Counsel

            131 M. Street NE, 5th Floor Washington, D.C. 20507

            s/ Gregory Gochanour
            Gregory Gochanour
            Regional Attorney

            s/ Jean Kamp
            Jean P. Kamp
            Associate Regional Attorney

            Chicago District Office
            500 West Madison Street, Suite 2800
            Chicago, IL 60661

                              s/ Laurie A. Vasichek
                              Laurie A. Vasichek (MN #0171438)
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Tel: (612) 334-4010
Email: laurie.vasichek@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION