UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |  |
|---|---|---|
|  | ) | Case No. 1:16-cv-00428-DLH-CSM |
| Plaintiff, | ) |  |
| v. | ) ) | **JOINT STIPULATION FOR PROTECTIVE ORDER** |
| ROCKY MOUNTAIN CASING CREWS, | ) ) |  |
| Defendant. | ) ) |  |

1. The parties, through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, stipulate and agree to the entry of the following order:

2. The following information may be designated as CONFIDENTIAL by the parties:

    (a)    Any sensitive corporate information not publicly available;

    (b)    Any private personnel information about employees other than Charging Party Michael Allyn, including information about personal matters such as medical information.

    (c)    Any highly personal information, such as information pertaining to Michael Allyn's medical or emotional condition, his personal, marital or familial relationships, and his personal financial, federal or state tax information.

3. Such CONFIDENTIAL designation does not restrict the parties' ability to discover the information under the Federal Rules of Civil Procedure, or affect any other objection that a party may have to production of the information. Nothing in this Order bars the use of a document or information designated as CONFIDENTIAL in depositions, motion practice or trial. A party may object to the designation of a document as CONFIDENTIAL pursuant to the procedure set forth in paragraph 8, below.

4. Any document designated CONFIDENTIAL by a party, and all information and data contained therein, shall be treated by the other party as confidential and shall not be used or disclosed outside of this action for any purpose whatsoever, and specifically shall not be used or disclosed for any business or commercial purpose. Any information that is publicly available (other than information disclosed in violation of this Protective Order) shall not be considered Confidential Information.

5. Nothing herein shall prevent a party from disclosing its own Confidential Document or information as it deems appropriate and such disclosure shall not waive the protections of this Stipulation with respect to any other Confidential Document or information, whether or not such other document or information is related to the voluntarily disclosed document or information.

6. All documents designated CONFIDENTIAL, and all duplicates thereof, shall be controlled by and remain in the possession of legal counsel representing the parties to this action. Documents designated CONFIDENTIAL, and duplicates thereof, shall be shown to clients, witnesses and potential witnesses, law firm staff, EEOC staff, court reporters, the Court and Court staff only as necessary to the prosecution of a claim or defense in this action, and shall not be shown to any other person. No copy of any document designated CONFIDENTIAL shall be provided to or made available to clients, witnesses, potential witnesses, or any other person, except as specified herein. Duplication of any document designated CONFIDENTIAL shall be done only as necessary for the prosecution of a claim or defense in this action.

7. Any document designated CONFIDENTIAL shall be filed in the Court record or lodged with the Court under seal to the extent permitted by the Court's rules.

8. If any party receiving documents objects to the document being marked or designated Confidential, the party objecting to the designation shall give written notice of the objection to the party making the designation. It will then become the burden of the party making the designation to file a motion to demonstrate before the court "good cause" for the protection sought under this Stipulation, as required under Fed. R. Civ. P. 26(c). Within 30 days of receiving the written objections, the designating party shall confer with opposing party and contact the Magistrate Judge's chambers to schedule a conference under LR 37.1, or the documents objected to will no longer be deemed Confidential Document(s) under this order. In connection with any such motion, the parties agree that this Stipulation does not alter any rules of civil procedure or any applicable burden of proof.

9. Prior to being provided Confidential Information, any third-party consultants or experts shall be advised of the existence and contents of this Order, and the disclosing party shall present such persons with the acknowledgment of their receipt of such advice in the form annexed hereto as EXHIBIT A ("Acknowledgment"). All Acknowledgments presented for signature shall be retained by counsel for the party making the disclosure.

10. This Stipulation shall be without prejudice to the right of any party to oppose production of any documents or information for any lawful grounds, and nothing in this Stipulation shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Stipulation shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents. This Order does not bar the use of a document or information designated as Confidential Information in depositions, motion practice or trial.

11. The parties through counsel stipulated that the Court may enter the order in the form presented without hearing.

Stipulated to:

Dated:  October 24, 2017	s/ Laurie Vasichek
Laurie A. Vasichek (MN Bar No. 0171438)
Senior Trial Attorney
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone:  (612) 335-4061
Fax:  (612) 335-4044
laurie.vasichek@eeoc.gov

Kelly Bunch, (IL Bar No. 6323195)
Trial Attorney
EEOC - Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL  60661
Telephone:  (312) 869-8071
Facsimile:  (312) 869-8124
kelly.bunch@eeoc.gov

ATTORNEYS FOR PLAINTIFF


Dated:  October 24, 2017	s/ Kevin Chapman
Kevin J. Chapman
Chapman Law Firm, P.C.
4171 1st Avenue East
PO Box 1920
Williston, ND 58802


ATTORNEY FOR DEFENDANT

# EXHIBIT A

## Acknowledgment

The undersigned has read the annexed Order in the above-captioned action entered as an Order of the Court on _____, 2017. The undersigned agrees to be bound by the terms thereof, and not to disclose or otherwise use any of the Confidential information made available or produced in connection with this litigation (or any copies thereof or the information contained therein) other than in connection with this litigation as provided for in the Order. Additionally, the undersigned submits to the jurisdiction of the Court for any disputes related to, or enforcement of, the Order.

Dated: _____   _____

# ORDER

The court **ADOPTS** the parties' joint stipulation for protective order without addition or modification.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2017.

><u>/s/  Charles S. Miller, Jr.</u>
>Charles S. Miller, Jr., Magistrate Judge
>United States District Court