## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) **CONSENT DECREE AND ORDER** ) ) |
| vs. | ) Case No. 1:16-cv-428 ) |
| Rocky Mountain Casing Crews, | ) ) |
| Defendant. | ) |

Before the Court is a joint motion for the entry of a Consent Decree filed on December 18, 2017. See Docket No. 21. For good cause shown, the motion is granted.

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") initiated this action in the United States District Court for the District of North Dakota, alleging that Rocky Mountain Casing Crews ("RMCC") had discriminated against Michael Allyn by subjecting him to a hostile work environment because of his sex. The EEOC alleged that RMCC's actions violated Title VII of the Civil Rights Act of 1964.

In reaching this Consent Decree, the EEOC and RMCC, acting by and through their counsel, engaged in arms' length negotiations. Through the EEOC's investigation, discovery, and discussions relating to this resolution, the parties obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and RMCC were represented by counsel knowledgeable in this area of the law.

**THEREFORE**, upon the consent of the parties, and upon review by the Court of these terms, it is **ORDERED**, **ADJUDGED**, and **DECREED** that the following terms are approved as set forth herein:

**I.     JURISDICTION**

This Court has jurisdiction over the parties and the subject matter of this action.

**II.    FINDINGS**

The purposes of the Title VII and the public interest will be furthered by the entry of this Consent Decree.

**III.   SCOPE**

The negotiation, execution, and entry of this Consent Decree will resolve all claims of Title VII violations brought by the Commission against Defendant alleged in the instant civil action. This Consent Decree relates only to the violations alleged in EEOC Charge Number 32F-2015-00108 and the instant civil action. This Consent Decree does not resolve any claims not in the Complaint or in EEOC Charge Number 32F-2015-00108.

**IV.    TERM**

a. The Term of this Consent Decree and all obligations hereunder will be three (3) years from the Effective Date hereof. The Effective Date hereof will be the date that the District Court approves this Consent Decree. If, at the end of the three (3) year period, any disputes regarding Defendant's compliance with this Decree remain unresolved, the term of this Decree shall be extended automatically (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

b. If Defendant fails to perform its obligations during the Term of this Consent Decree, the EEOC is empowered to enforce this Consent Decree through applicable judicial enforcement

procedures and to seek sanctions which may be due because of the need to enforce this Consent Decree.

c. Should any provision of this Consent Decree be determined by a Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Consent Decree.

d. This Consent Decree sets forth the entire agreement between the Commission and Defendant as to the resolution of the captioned lawsuit.

**V.    INJUNCTION**

a. During the term of this Consent Decree, RMCC and its successors and assigns are hereby enjoined from:

> i. Creating or maintaining a hostile work environment because of an employee's sex or sexual orientation.
>
> ii. Failing to investigate complaints of hostile work environment based on sex or sexual orientation.
>
> iii. Failing to take prompt corrective action to complaints of a hostile work environment based on sex or sexual orientation.
>
> iv. Retaliating against any employee who complains about conduct that he or she believes to be inappropriate sexual harassment, or who participated in an EEOC investigation or this litigation, or who asserted any rights under or benefitted from this Decree.

**VI.    POLICIES AND POSTINGS**

a. Within thirty (30) days, Defendant shall review all relevant policies to assure that the policies are consistent with the injunctive relief in this Decree.

b. Within thirty (30) days, Defendant will adopt, and shall maintain for the term of this Decree, a policy prohibiting sexual harassment in the RMCC workplace, and that sets forth the procedure for an employee to complain about sexually harassing conduct. The policy will identify the individuals to whom complaints should be made.  More than one individual will be identified to allow the complaining employee a choice of persons with whom to complain.  The policy will be circulated to all employees upon adoption, and shall be made available to employees for future reference in the same manner as other employee policies are made available.

c. Defendant shall post within thirty (30) days from the entry of this Consent Decree, and keep posted the posting attached to Docket No. 21 as Exhibit A.  Exhibit A will be posted in a conspicuous area where employee notices are typically posted.  Defendant shall simultaneously post the notice on any intranet site where employees regularly have access.  Defendant shall ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notice.

**VII.    TRAINING AND OVERSIGHT**

a. Within ninety (90) days of this Consent Decree, Defendant agrees to conduct a training meeting with its CEO, CFO, office managers, and all employees responsible for receiving, investigating or resolving complaints of sexual harassment.

>i. The training shall include an explanation of the provisions of this Consent Decree, and the requirements of Title VII with respect to harassment based upon sex and sexual orientation.
>
>ii. The training shall be conducted by an outside trainer with experience in employment discrimination law, and the rights and responsibilities under Title VII relating to sexual harassment.

      iii. The training will be live and in person.

      iv. Fourteen (14) days before the training, Defendant will provide the EEOC with the identity of the trainer, and a copy of the agenda and materials.

  b. Within ninety (90) days of this Consent Decree, and annually thereafter, Defendant provide training to its employees on prohibitions on maintaining a respectful workplace. This training shall include the topics of harassment based on sex and sexual orientation under Title VII. The training may also include topics such as RMCC's policies against horseplay and bullying. The training will last at least one hour. Defendant will maintain attendance records identifying in legible form the name and job title of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Employees will be paid the appropriate hourly rate for their attendance.

## VIII.   DISCIPLINARY NOTICE

  a. A copy of this Consent Decree will be placed in the personnel files of Marlan Simon, James Hebert, and Noel Lopez. In the event of their reemployment by RMCC, or by any related or successor entity to RMCC, the employees listed shall be counseled on the laws against harassment based on sex and sexual orientation, trained on RMCC's policies against such harassment, and advised that any infractions of RMCC's policy against such harassment will result in immediate termination.

## IX.   REPORTING REQUIREMENTS

  a. Defendant shall provide the Commission with three (3) written reports, the first on the date falling six (6) months after the entry of this Consent Decree by the Court, with each successive report due annually thereafter; provided however, that the final report shall be submitted one month prior to the end of the term of this Decree.

b. The report will be sent via email to eeoc-mnao-decree-monitoring@eeoc.gov.

c. This report will set forth the following:

   i. A certification that RMCC has adopted and maintains a policy against harassment based on sex and sexual orientation as required by this Decree;

   ii. A certification that the required trainings have been completed as required by this Decree, accompanied by a copy of the training materials.

   iii. A certification that the disciplinary notices required by this Decree have been placed in the file of Marlan Simon, James Hebert, or Noel Lopez, to the extent that they were reemployed; and

   iv. A list of all persons making complaints or allegations of harassment based on sex or sexual orientation.

d. If EEOC requests, Defendant shall make documents or records relating to the reports available to EEOC within ten calendar days of EEOC's request. In addition, Defendant shall require personnel within its employ or under its authority or control, and whom EEOC requests to verify compliance with this Decree, to cooperate with EEOC, and to be interviewed upon EEOC's request, and shall permit an EEOC representative to enter its premises for such purposes. The EEOC will bear its own costs.

e. After RMCC's submission of any annual report, the Commission can request additional information relating to complaints. In response, RMCC shall, within thirty (30) days after receipt of such complaint, provide the contact information for all persons who made the complaint or who participated in the decision-making process relating to the complaint, including name, current home address, email address (if known), and phone number.

X.      **INDIVIDUAL REMEDY**

   a. SETTLEMENT PAYMENT

   i. Within ten (10) days of Michael Allyn executing the release attached to Docket No. 21 as Exhibit B, Defendant shall pay to Michael Allyn the sum of $40,000. ("Settlement Payment").  This amount is characterized as compensatory damages, and RMCC shall issue Michael Allyn a 1099 tax form at the appropriate time.

   ii. On January 1, 2019, Defendant shall pay Michael Allyn $15,000, and on January 1, 2020, Defendant shall pay Michael Allyn an additional $15,000.  These amounts shall also be characterized as compensatory damages and RMCC shall issue Michael Allyn a 1099 tax form at the appropriate time.

   iii. In the event that any of these payments are more than ten (10) days late, the payments of all unpaid amounts will accelerate and shall be considered due and owing.

   iv. In the event that RMCC fails to pay those amounts owing within thirty (30) days of their due date, Dan Fitzloff agrees to be personally responsible as guarantor for the payment of the unpaid amounts.

   v. Upon delivering the Settlement Payment as set forth above, Defendant shall, on the same date, deliver to counsel for the EEOC, at the address below, a copy of the checks remitted to Michael Allyn and tracking information for delivery.

   b. OTHER INDIVIDUAL RELIEF

   i. In response to any inquiry received by Defendant concerning Michael Allyn from a potential employer, headhunter, or other person inquiring about his employment history, Defendant shall provide only the dates of employment and nothing further.

## XI. SUCCESSORS

This Decree shall bind the Defendant, Rocky Mountain Casing Crews, Inc., its successors and assigns of Defendant. Defendant and any of its successors and assigns shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or with any successor or assigns, before any such asset sale, acquisition or merger. This paragraph shall not limit the remedies available should the Court find any party in violation of this Decree.

## XII. COSTS AND ATTORNEYS FEES

Each party will bear that party's own costs and attorney's fees.

## XIII. COURT APPROVAL

The Court approves of this Consent Decree, reserving jurisdiction only as necessary to enforce this Consent Decree.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2017.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court